1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8 SCOTT JOHNSON,

Plaintiff,

9

v.

10

11 RAMIRO FERNANDEZ, et al.,

Defendants.

12

Case No.   5:21-cv-04114-EJD

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Re: Dkt. No. 35

13          Plaintiff Scott Johnson brings this action against Ramiro Fernandez, Bertha Marina

14 Fernandez, Jose Luis Fernandez, Van Shop, Inc. ("Van Shop"), a California Corporation, and

15 Atlantic Janitorial SVC and Supply ("Atlantic"), a California Corporation (together,

16 "Defendants"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42

17 U.S.C. § 12101, *et seq.*, and the California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ.

18 Code §§ 51-53.  *See* Complaint ("Compl.") ¶¶ 37-52, Dkt. No. 1.[1]  Before the Court is Plaintiff's

19 Motion for Default Judgment.  He seeks injunctive relief along with statutory damages and

20 attorneys' fees and costs.  Mot. for Default J. ("Mot."), Dkt. No. 35.  Defendants have not

21 appeared in this matter and did not oppose or otherwise respond to the motion.  Having considered

22 Plaintiff's papers, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for default

23 judgment.[2]

24

25 [1] The Court dismissed Bertha Fernandez without prejudice.  Dkt. 34.

26 [2] This motion is appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).

27 Case No.: 5:21-cv-04114-EJD

28 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.    Background[3]

Plaintiff is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments.  Compl. ¶ 1.  Plaintiff uses a wheelchair for mobility and has a specially equipped van.  *Id.*  Defendant Ramiro Fernandez, Bertha Marina Fernandez, and Jose Luis Fernandez are the owners of the real property located at 148 Archer St., San Jose, California.  *Id.* ¶¶ 2–3.  Defendant Van Shop is the owner of Happy Vans, the business located at the same address.  *Id.* ¶¶ 4–5; *see also* Exhibit 5, Dkt. No. 35-7.  Defendant Atlantic is the owner of Atlantic Janitorial Supply, another business located at the same address.  *Id.* ¶¶ 6–7; *see also* Exhibit 5, Dkt. No. 35-7.

Plaintiff visited Happy Vans and Atlantic Janitorial Supply in July 2020, March 2021, and April 2021 with the intent to avail himself of its goods and services and to determine if the businesses complied with disability access laws.  Compl. ¶ 12.  When Plaintiff visited the businesses, he found that they did not provide wheelchair accessible parking in conformance with ADA Standards.  *Id.* ¶¶ 14–18.  Additionally, Happy Vans did not have wheelchair accessible door hardware.  *Id.* ¶¶ 19–22.  A prefiling investigator also confirmed that Happy Vans did not have any wheelchair accessible sales counters, that is, counters that were 36 inches or less in height that could be used for transactions.  Decl. of Scott Johnson in Supp. of Pl.'s Req. for Default J. ("Johnson Decl."), ¶¶ 9, Dkt. No. 35-4.  Atlantic Janitorial Supply also did not have wheelchair accessible sales counters.  Compl. ¶¶ 24–28.

Plaintiff alleges he would like to return to Happy Vans and Atlantic Janitorial Supply once they are ADA compliant.  Compl. ¶ 35.  To that end, Plaintiff brought this action for injunctive relief and damages under the ADA and Unruh Act.

On December 3, 2021, Plaintiff sought entry of default as to Van Shop and Atlantic, which the Clerk entered on December 6, 2021.  Dkt. Nos. 17-21.  On December 28, 2021, Plaintiff sought entry of default as to Ramiro Fernandez, Bertha Marina Fernandez, and Jose Luis

---

[3] The Background is a summary of the allegations in the Complaint.

Case No.: 5:21-cv-04114-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

1    Fernandez, which the Clerk entered January 4, 2022.  Dkt. Nos. 26-31.  On February 7, 2022,

2    Plaintiff filed the present Motion for Default Judgment.  Dkt. No. 35.  As noted, none of the

3    Defendants have made any appearance in the action.

4         **II.**     **Legal Standard**

5         Default judgment may be granted when a party fails to plead or otherwise defend against

6    an action for affirmative relief.  Fed. R. Civ. P. 55(a).  Discretion to enter default judgment rests

7    with the district court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  When deciding

8    whether to enter default judgment, the court considers:

9           (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's

10          substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

11          stake in the action, (5) the possibility of a dispute concerning material facts, (6)

12          whether the underlying default was due to excusable neglect, and (7) the strong

13          policy underlying the Federal Rules of Civil Procedure favoring decisions on

14          the merits.

15   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 10 Moore's Federal Practice §

16   55).  In evaluating these factors, all factual allegations in the complaint are taken as true, except

17   those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.

18   1987).

19        **III.**     **Jurisdiction and Service of Process**

20        Before entering default judgment, a court must determine whether it has subject matter

21   jurisdiction over the action and personal jurisdiction over the defendant.  *See In re Tuli*, 172 F.3d

22   707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is

23   void.").

24        **A.  Subject Matter Jurisdiction**

25        District courts have subject matter jurisdiction over all civil actions arising under the laws

26   of the United States.  28 U.S.C. § 1331.  Further, in any civil action where the district courts have

27   
28

1    subject matter jurisdiction, the district courts will also have supplemental jurisdiction over all

2    other claims that are so related to claims in the action, such that they form part of the same case or

3    controversy.  28 U.S.C. § 1367.  Plaintiff's ADA claim arises under a law of the United States.

4    Therefore, this Court has subject matter jurisdiction over Plaintiff's ADA claim.  Moreover,

5    Plaintiff's claim for relief pursuant to the Unruh Act is related to the ADA claim because it arises

6    out of the same "case or controversy," namely Plaintiff's visit to Happy Vans and Atlantic

7    Janitorial Supply where he encountered alleged violations of both laws.  *See* 28 U.S.C. § 1367(a).

8    Therefore, the Court has supplemental jurisdiction over Plaintiff's Unruh Act claim.

9    **B.  Personal Jurisdiction and Service of Process**

10           Serving a summons establishes personal jurisdiction over a defendant who is subject to the

11   jurisdiction of a court of general jurisdiction in the state where the district court is located.  Fed. R.

12   Civ. P. 4(k)(1).  Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, an individual

13   defendant may be served by: (1) delivering a copy of the summons and complaint to the individual

14   personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual

15   place of abode with someone of suitable age and discretion who resides there; or (3) delivering a

16   copy of the summons and complaint to an agent authorized by appointment or law to receive

17   service of process.  Fed. R. Civ. P. 4(e)(2).  Alternatively, an individual defendant may be served

18   with process pursuant to the law of the state where the district court is located.  Fed. R. Civ. P.

19   4(e)(1).

20           Under California law, individual defendants may be served by several means, including

21   personal delivery of the summons and complaint to the individual or the individual's authorized

22   agent.  Cal. Code Civ. Proc. §§ 415.10, 416.90.  An individual defendant may also be served under

23   California law through substituted service by "leaving a copy of the summons and complaint

24   during usual office hours in [the defendant's] office . . . with the person who is apparently in

25   charge thereof . . . and by thereafter mailing a copy of the summons and complaint . . . where a

26   copy of the summons and complaint were left."  Cal. Code Civ. Proc. § 415.20(a).

27   Case No.: 5:21-cv-04114-EJD
28   ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
     DEFAULT JUDGMENT

                                                     4

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The record indicates that Plaintiff successfully effectuated service on Atlantic, Jose Luis

2    Fernandez, and Van Shop on June 17, 2021, June 23, 2021, and July 13, 2021, respectively.  Dkt.

3    Nos. 10, 13, 24.  The Court is satisfied that Plaintiff gave these Defendants proper service of

4    process under both the Federal Rules of Civil Procedure and the California Code of Civil

5    Procedure.  Moreover, Plaintiff alleges that Defendant Jose Luis Fernandez owns the real property

6    and Defendants Van Shop and Atlantic own the businesses that are the subject of this lawsuit.

7    Dkt. 35-1.  Therefore, the Court has personal jurisdiction over Defendants Van Shop, Atlantic, and

8    Jose Luis Fernandez.

9    The record indicates that the remaining Defendants, Ramiro Fernandez and Bertha Marina

10   Fernandez, were served on December 2, 2021, which was well after the last day to complete

11   service under Federal Rule of Civil Procedure 4(m).  Dkt. Nos. 22-23.  Because Plaintiff did not

12   timely serve Defendants Ramiro Fernandez and Bertha Marina Fernandez in accordance with Rule

13   4(m), the Court denies Plaintiff's motion for default judgment as against them.  *See S.E.C. v.*

14   *Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (in ruling on motion to set

15   aside default judgment, court finds judgment is void for lack of personal jurisdiction due to

16   insufficient service of process); *see also United States v. Cannon*, No. 11-CV-06461-KAW, 2013

17   WL 6700254 (N.D. Cal. Dec. 19, 2013) (in ruling on motion to set aside default judgment, court

18   finds judgment is void for lack of personal jurisdiction due to insufficient service of process).

19   **IV.    *Eitel* Factors**

20   **A.  Possibility of Prejudice to the Plaintiff**

21   The first *Eitel* factor requires the Court to consider whether Plaintiff would be prejudiced if

22   default judgment is not entered.  If default judgment is not entered, Plaintiff will have no means of

23   recourse against Defendants.  As such, Plaintiff will be prejudiced if default judgment is not

24   entered.  *See, e.g., Johnson v. In Suk Jun*, No. 19-CV-06474-BLF, 2020 WL 6507995, at *3 (N.D.

25   Cal. Nov. 5, 2020); *Ridola v. Chao*, No. 16-CV-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal.

26   May 18, 2018) (finding that plaintiff would be prejudiced if default judgment was not entered

27

28   Case No.: 5:21-cv-04114-EJD
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
     DEFAULT JUDGMENT

1  because she "would have no other means of recourse against Defendants for the damages caused

2  by their conduct").

3              **B.  Substantive Merits and Sufficiency of the Claims**

4          Under the second and third *Eitel* factors, the Court must examine the merits of a plaintiff's

5  substantive claims and the sufficiency of the complaint.  *Eitel*, 782 F.2d at 1471–72; *see Bd. of*

6  *Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec., Inc.*, No. 19-CV-06456-EJD,

7  2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) ("Courts often consider the second and third

8  *Eitel* factors together") (citing *PepsiCo, Inc. v. Cal. Security Cans*, 283 F. Supp. 2d 1172, 1177

9  (C.D. Cal. 2002)).  At this stage, the Court takes "the well-pleaded factual allegations" in the

10 complaint as true.  However, the "defendant is not held to admit facts that are not well pleaded or

11 to admit conclusions of law."  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

12 "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not

13 established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

14         The motion seeks default judgment on two claims: (a) a violation of the Americans with

15 Disabilities Act of 1990 ("ADA"); and (b) a violation of the California Unruh Civil Rights Act

16 (the "Unruh Act").  The Court examines each claim in turn.

17              **i.   Title III of the ADA**

18         Title III of the ADA prohibits discrimination based on disability within places of public

19 accommodation.  Pursuant to 42 U.S.C. § 12182(a) "[n]o individual shall be discriminated against

20 on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

21 privileges, advantages, or accommodations of any place of public accommodation by any person

22 who owns, leases (or leases to), or operates a place of public accommodation."  For the purposes

23 of Title III, discrimination includes "a failure to remove architectural barriers . . . in existing

24 facilities . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).

25 "Readily achievable" is defined as "easily accomplishable and able to be carried out without much

26 difficulty or expense."  42 U.S.C. § 12181(9).

27

Case No.: 5:21-cv-04114-EJD

28 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First, Plaintiff must establish Article III standing to bring a claim under the ADA.  To establish Article III standing, Plaintiff must demonstrate he suffered an injury in fact, traceable to Defendants' conduct, and redressable by a favorable court decision.  *Ridola*, 2018 WL 2287668, at *5 (citing *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1162 (S.D. Cal. 2006)); *see also Doran v. 7-Eleven, Inc*., 524 F.3d 1034 (9th Cir. 2008) (finding that an ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may also permissibly challenge all barriers in that public accommodation that are related to his or her specific disability).  Plaintiff claims that he suffers from a disability within the meaning of the ADA; that he personally encountered at least one access barrier; and that he will return to Happy Vans and Atlantic Janitorial Supply once those facilities are made accessible.  Compl. ¶¶ 1, 14-31, 35.  Plaintiff's factual allegations, accepted as true, are sufficient to establish Article III standing to sue under the ADA.  *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) ("Indeed, '[d]emonstrating an intent to return to a non-compliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief.'") (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011)).

Next, Plaintiff must establish all the elements of a Title III discrimination claim.  He must show that (1) he is disabled within the meaning of the ADA; (2) Defendants own, lease, or operate a place of public accommodation; and (3) he was denied public accommodations by Defendants because of his disability.  *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  To succeed on an ADA claim based on architectural barriers, Plaintiff "must also prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of the barrier is readily achievable."  *Ridola*, 2018 WL 2287668, at *5 (finding that architectural barriers are readily achievable provided that there are easy remedies such as, installing accessible door hardware and creating designated accessible parking spaces); *Johnson v. Cortese*, No. 19-CV-02671-EJD, 2020 WL 7495164 (N.D. Cal. Dec. 21, 2020) (finding that lack of accessible parking and an accessible sales counter constitutes architectural barriers under the ADA); *Johnson*

*v. Monterey & Rancho Plaza*, No. 18-CV-05718-BLF, 2020 WL 5893319 (N.D. Cal. Oct. 5, 2020) (finding that a lack of accessible door hardware is an architectural barrier that violates the ADA).

Under the ADA, a physical impairment that substantially affects a major life activity, such as walking, qualifies as a disability. 42 U.S.C. §§ 12102(1)(A), (2)(A). As noted, Plaintiff is a C-5 quadriplegic who uses a wheelchair for mobility. Compl. ¶ 1. Thus, Plaintiff has established that he has a disability within the meaning of the ADA.

With respect to the Defendants' ownership of operation of the place of public accommodation, Plaintiff alleges that Van Shop owns Happy Vans, Atlantic owns Atlantic Janitorial Supply, and that Defendant Jose Luis Fernandez owns the property on which Happy Vans and Atlantic Janitorial Supply sits. Plaintiff submitted records to substantiate these allegations. Exhibit 5, Dkt. No. 35-7.

Plaintiff alleges that during his visit to Happy Vans and Atlantic Janitorial Supply, he personally encountered access barriers with respect to the lack of wheelchair accessible parking. Compl. ¶¶ 14–16. Specifically, he alleges that the lack of an access aisle for the wheelchair accessible parking space violates § 502.2 of the 2010 ADA Standards. Mot. at 9.

Plaintiff further alleges that during his visit to Happy Vans, he personally encountered a lack of wheelchair accessible door hardware. Compl. ¶¶ 19-21. Plaintiff alleges that Happy Vans' door hardware does not comply with § 404.2.7 of the 2010 ADA Standards. Mot. at 10.

Additionally, Plaintiff alleges that during his visit to Atlantic Janitorial Supply he personally encountered a lack of wheelchair accessible sales counters. Compl. ¶¶ 14-26. He alleges that Atlantic Janitorial Supply's sales counters do not comply with § 904.4 & 904.4.1 of the 2010 ADA Standards. Mot. at 10. Plaintiff has submitted several photographs that document these violations. *See* Exhibit 4, Dkt. No. 35-6. Accepting these allegations as true, the Court finds that Plaintiff has sufficiently established that Happy Vans and Atlantic Janitorial Supply have architectural barriers prohibited under the ADA.

Finally, with respect to the requirement that removal of the barriers be "readily

United States District Court
Northern District of California

achievable," Plaintiff argues that this question is an affirmative defense that must be pled by the answering party. *See* Mot. at 13. The Ninth Circuit recently decided to follow a burden-shifting framework to determine who bears the burden of proving that removal of an architectural barrier is readily achievable. *See Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030 (9th Cir. 2020). As stated in a recent case from this district, under this burden-shifting analysis, "the plaintiff bears the initial burden of *plausibly* showing that a proposal for removing a barrier is readily achievable, and then the defendant bears the ultimate burden of persuasion on an affirmative defense that removal of a barrier is not readily achievable." *Johnson*, 2020 WL 6507995, at *5 (citing *Lopez*, 974 F.3d at 1034–39).

The Court finds that Plaintiff has met his initial burden of plausibly showing that removal of the identified barriers is readily achievable. Plaintiff alleges that the identified barriers are "easily removed without much difficulty or expense" and that they are "the types of barriers identified by the Department of Justice as presumably readily achievable to remove." Compl. ¶ 34. Additionally, the Complaint alleges that "there are numerous alternative accommodations" to provide people with disabilities a greater level of access even if Defendants could not achieve a complete removal of barriers. *Id.*

Federal regulations provide a non-exclusive list of steps to remove barriers, including "[i]nstalling accessible door hardware." 28 C.F.R. § 36.304(b)(11). Courts in this district have also observed that the listed items are "examples of readily achievable steps to remove barriers." *Johnson v. Altamira Corp.*, No. 16-CV-05335-NC, 2017 WL 1383469, at *3 (N.D. Cal. Mar. 27, 2017), *report and recommendation adopted*, No. 16-CV-05335-LHK, 2017 WL 1365250 (N.D. Cal. Apr. 14, 2017).

Moreover, at the default judgment stage, courts have found that allegations like Plaintiff's are sufficient. *See, e.g., Ridola*, 2018 WL 2287668, at *10-*11 (concluding that plaintiff met his burden with respect to defendant's parking spaces and guestrooms); *Johnson*, 2020 WL 6507995, at *5 (concluding that plaintiff met his burden with respect to parking violations based on

allegations that there was no access aisle next to the defendant's accessible parking spaces); *Johnson*, 2017 WL 1383469, at *3 (concluding that plaintiff met his burden with respect to accessible parking and sales counter violations based on allegations that there was no access aisle next to the defendant's accessible parking spaces and that the sales counter was wheelchair inaccessible); *Johnson v. Greiner Serv. Stations, Inc.*, No. 20-CV-04682-TSH, 2021 WL 6804235, at *8, (N.D. Cal. Jan. 25, 2021) (concluding that plaintiff met his burden with respect to entrance or path of travel, door hardware, and parking violations based on allegations that they were not present.)

Because Defendants have not appeared in this action, they necessarily have failed to meet their burden of showing that removal of the identified barriers is not readily achievable. Thus, the Court finds that Plaintiff has alleged the requisite elements for an ADA claim.

### ii.   Unruh Civil Rights Act

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski*, 481 F.3d at 731. Because Plaintiff has alleged an ADA claim based on architectural barriers at Happy Vans and Atlantic Janitorial Supply, he has also alleged an Unruh Act claim as to those barriers.

### C.  Sum of Money in Dispute

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trustees v. Core Concrete Const., Inc.*, No. 11-CV-02532-LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, No. 11-CV-02532-JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citing *Bd. of Trustees of the Sheet Metal Workers Health Care Plan of N. Cal. v. Superhall Mech., Inc.*, No. 10-CV-2212-EMC, 2011 WL 2600898, at *2 (N.D. Cal. June 30, 2011)).

Plaintiff seeks statutory damages of $12,000 for three visits to Defendants' businesses under the Unruh Act and an award of $3,092 for attorneys' fees and costs. Mot. at 14. The Court

1   reduces this amount as discussed below.  While the sum awarded is not insignificant, the Court

2   finds that it is proportional to the conduct alleged and that this factor weighs in favor of default

3   judgment.

### D.  Possibility of Dispute Concerning Material Facts

5   Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of

6   a dispute over material facts and whether Defendants' failure to respond was the result of

7   excusable neglect.  *Eitel*, 782 F.2d at 1471-72; *Love v. Griffin*, No. 18-CV-00976-JSC, 2018 WL

8   4471073, at *5 (N.D. Cal. Aug. 20, 2018), *report and recommendation adopted*, No. 18-CV-

9   00976-JD, 2018 WL 4471149 (N.D. Cal. Sept. 17, 2018); *Ridola*, 2018 WL 2287668, at *13.

10   The Complaint asserts plausible claims for violations of the ADA and the Unruh Act, and

11   all liability-related allegations are deemed true.  *See TeleVideo Systems, Inc.*, 826 F.2d at 917–18

12   (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law

13   is that upon default the factual allegations of the complaint . . . will be taken as true."))

14   Defendants Atlantic, Van Shop, and Jose Luis Fernandez were served with the Complaint, the

15   motions for Entry of Default, the Motion for Default Judgment, and the Declaration of Scott

16   Johnson in Support of Motion for Default Judgment.  Dkt. Nos. 10, 13, 17, 18, 24, 27, 35-13.

17   Despite being properly served, Defendants have neither appeared nor answered the Complaint.

18   There are no disputes as to Plaintiff's allegations and no indication that Defendants' default was

19   due to excusable neglect.  *See Johnson*, 2020 WL 6507995, at *6 (finding that defendants' failure

20   to appear suggests that they chose not to present a defense).  Accordingly, these factors weigh in

21   favor of default judgment.

### E.  Strong Policy Favoring Decisions on the Merits

23   The last *Eitel* factor examines whether the policy of deciding a case based on the merits

24   precludes entry of default judgment.  *Eitel*, 782 F.2d at 1472.  In *Eitel*, the Ninth Circuit

25   admonished that "[c]ases should be decided on their merits whenever reasonably possible."  *Id.*

26   "The existence of Federal Rule of Civil Procedure 55(b), however, shows that this policy is not

United States District Court
Northern District of California

1    dispositive." *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, No. 14-CV-

2    03127-JD, 2015 WL 4380965, at *11 (N.D. Cal. July 16, 2015) (citing *Kloepping v. Fireman's*

3    *Fund*, No. 94-CV-2684-TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)).  Moreover, a

4    defendant's failure to appear renders a decision on the merits impracticable, if not impossible.

5    *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation and

6    quotation marks omitted).

7         Because Defendants have not participated in the proceedings, a decision on the merits is

8    impracticable.  "In situations such as this, Rule 55(b) allows the court to grant default judgment."

9    *Bd. of Trustees v. Diversified Concrete Cutting, Inc.*, No. 17-CV-06938-MEJ, 2018 WL 3241040,

10   at *5 (N.D. Cal. July 3, 2018), *report and recommendation adopted sub nom. Bd. of Trustees as*

11   *Trustees of Laborers Health & Welfare Tr. Fund for N. Cal. v. Diversified Concrete Cutting, Inc.*,

12   No. 17-CV-06938-RS, 2018 WL 4775429 (N.D. Cal. July 27, 2018).  As such, the seventh *Eitel*

13   factor weighs in favor of default judgment.

                              **F.  Conclusion**

15        After considering all seven *Eitel* factors and the circumstances of this case, the Court finds

16   that default judgement is warranted and **GRANTS** Plaintiff's motion for default judgment against

17   Defendants.

18                     **V.    Relief Requested**

19        Because this Court concludes that default judgment is warranted, it now considers

20   Plaintiff's request for injunctive relief, statutory damages under the Unruh Act, and attorneys' fees

21   and costs.

22                         **A.  Injunctive Relief**

23        Plaintiff seeks an order requiring Defendants to provide wheelchair accessible parking

24   space, wheelchair accessible door hardware, and wheelchair accessible sales counter.  Mot. at 2.

25   Aggrieved individuals "may obtain injunctive relief against public accommodations with

26   architectural barriers, including 'an order to alter facilities to make such facilities readily

27

United States District Court
Northern District of California

United States District Court
Northern District of California

1    accessible to and usable by individuals with disabilities.'"  *Molski*, 481 F.3d at 730 (quoting 42

2    U.S.C. § 12188(a)(2)).  Injunctive relief is also available under the Unruh Act.  *See* Cal. Civ. Code

3    § 52.1.  "The standard requirements for equitable relief need not be satisfied when an injunction is

4    sought to prevent the violation of a federal statute that specifically provides for injunctive relief."

5    *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175-76 (9th Cir. 2010) (citations

6    omitted).  Thus, injunctive relief is proper under the ADA where the plaintiff establishes that

7    "architectural barriers at the defendant's establishment violate the ADA and the removal of the

8    barriers is readily achievable."  *Ridola*, 2018 WL 2287668, at *13 (citing *Moreno v. La Curacao*,

9    463 F. App'x 669, 670 (9th Cir. 2011)).

10        As discussed above, Plaintiff has shown that he is entitled to injunctive relief with respect

11   to the wheelchair accessible parking space, wheelchair accessible door hardware, and wheelchair

12   accessible sales counter at Happy Vans and Atlantic Janitorial Supply.  Therefore, the Court

13   **GRANTS** his request for injunctive relief.

## B. Statutory Damages

15        Plaintiff seeks $12,000 in statutory damages for three visits to Defendants' businesses in

16   July 2020, March 2021, and April 2021.  Mot. at 16.  The Unruh Act allows for statutory damages

17   of $4,000 "based on each particular occasion that the plaintiff was denied full and equal access" to

18   a place of public accommodation and "not upon the number of violations."  Cal. Civ. Code

19   § 55.56(f); *see id.* § 52(a); *see, e.g., Castillo-Antonio v. Mata*, 549 F. Supp. 3d 1050, 1051 (N.D.

20   Cal. 2021) (awarding plaintiff $4,000 in statutory damages for one of four visits due to serious

21   equitable concerns that plaintiff visited the establishment multiple times to increase statutory

22   damages).  Any violation of the ADA necessarily constitutes a violation of the Unruh Act.  *Molski*,

23   481 F.3d at 731 (citing Unruh Act, Cal. Civ. Code § 51(f)).

24        There is no evidence in the record to justify awarding statutory damages for three separate

25   visits.  Plaintiff provides no explanation for why he made the separate visits in July 2020, March

26   2021, and April 2021.  There is no indication that he raised the issues of the door hardware,

27

28   Case No.: 5:21-cv-04114-EJD
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
     DEFAULT JUDGMENT

1     counters, and parking barriers with anyone at Happy Vans or Atlantic Janitorial Supply, and there

2     is no evidence in the record to suggest Plaintiff had reason to believe the barriers were removed

3     after his first or second visit.

4            As in *Johnson v. Monterey & Rancho Plaza*, this Court can only assume the multiple visits

5     were intended to increase the amount of statutory damages Plaintiff could receive in this case.

6     *Johnson,* 2020 WL 5893319, at *9; *see also Pickern v. Nord Mkt.,* No. 17-CV-1130-JAM, 2017

7     WL 6622749, at *4 (E.D. Cal. Dec. 28, 2017) (reducing the plaintiff's request for statutory

8     damages from four visits to two visits because the court could only assume the frequent visits

9     were only intended to increase the amount of damages).  Furthermore, "[i]t is not reasonable to

10    award a sophisticated ADA plaintiff statutory damages for three separate visits when they [sic]

11    have done nothing to communicate the access concerns to the defendant."  *Castillo-Antonio,* 549

12    F. Supp. 3d at 1052 (declining to award statutory damages for any visit except the first); *see also*

13    *Johnson v. Lo,* No. 20-CV-06096-PJH-AGT, 2021 WL 5236552 (N.D. Cal. Oct. 21, 2021), *report*

14    *and recommendation adopted*, No. 20-CV-06096-PJH, 2021 WL 5235209 (N.D. Cal. Nov. 10,

15    2021) (adopting report and recommendation reducing statutory damages to the first occasion that

16    Mr. Johnson encountered the parking barriers); *Johnson v. Waterloo Enterprises, Inc.*, No. 16-CV-

17    711-MCE, 2017 WL 5608110, at *4 (E.D. Cal. Nov. 21, 2017) (finding Mr. Johnson's request for

18    statutory damages for three visits to defendant's establishment as unsupported by the record and

19    that he was entitled to statutory damages for one visit).

20           Therefore, the Court will grant statutory damages of $4,000 for only the first visit.

21                       **C.  Attorneys' Fees**

22           Plaintiff requests $2,005 in attorneys' fees.  Both the ADA and the Unruh Act permit

23    recovery of fees by a prevailing plaintiff.  42 U.S.C. § 12205; Cal. Civ. Code § 55.  Such fee-

24    shifting statutes "enable private parties to obtain legal help in seeking redress for injuries resulting

25    from actual or threatened violation of specific . . . laws."  *Pennsylvania v. Del. Valley Citizens'*

26    *Council for Clean Air*, 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987).  Recovery

27    
28    

Case No.: 5:21-cv-04114-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT

14

*United States District Court*
*Northern District of California*

statutes, however, are not intended "to punish or reward attorneys." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000).  To calculate recoverable fees, both federal and state courts look to the lodestar method.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).  The court arrives at this figure by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Ketchum*, 24 Cal. 4th at 1132.

### i.      Hourly Rate

Plaintiff is represented by attorneys from Potter Handy LLP (also known as the Center for Disability Access).  Counsel's billing rates are listed on their invoices as follows: $650/hour for Mark Potter, $500/hour for Amanda Seaback, $500/hour for Zachary Manning Best, $400/hour for Tehniat Zaman.  Decl. of Russell Handy in Supp. of Pl.'s Appl. for Default J. ("Handy Decl."), Dkt. No. 35-3.  Numerous judges in this district have held that these rates are unreasonably high, given the routine and formulaic nature of the ADA cases litigated by Potter Handy LLP.  See *Love v. Mustafa*, No. 20-CV-02071-AGT, 2021 WL 2905427, at *2 (N.D. Cal. June 11, 2021) (collecting cases), *adopted* No. 20-CV-02071-PJH, 2021 WL 2895957 (N.D. Cal. July 9, 2021).  These same judges have noted that the evidence regularly submitted to support these rates, *i.e.*, the 2010 Pearl Declaration, the 2020 Real Rate Report, and the 2019 O'Connor Declaration—which Plaintiff also relies on here—is not persuasive.  Exhibits 6–8, Dkt. No. 35.

The Pearl Declaration is outdated; the Real Rate Report is not focused on the market for ADA legal work; and the O'Connor Declaration identifies a range of rates without establishing that Potter Handy LLP's rates should fall on the higher end of that range.  Based on these factors, judges in this district have held that the following discounted rates are more appropriate: $475/hour for Mark Potter, $350/hour for Amanda Seaback, and $250/hour for Tehniat Zaman. *See Johnson v. Ramirez*, No. 20-CV-04359-TSH, 2022 WL 1019554, at *10 (N.D. Cal. Mar. 15, 2022) (holding, in another ADA case litigated by Potter Handy LLP, that these lower rates were reasonable for these attorneys performing this work).  As Zachary Manning Best's listed rates are

1    identical to Amanda Seabock's, the Court will adjust his rates similarly to $350/hour.

2         As for the rate billed by counsel's legal assistants and paralegals including Marcus Handy,

3    $100/hour is reasonable.  *See Johnson*, 2021 WL 5236552, at *4 (holding, in another ADA case

4    litigated by Potter Handy LLP, that $100/hour was a reasonable rate for all of Potter Handy's

5    paralegals) (citing *Johnson v. Shahkarami*, No. 20-CV-07263-BLF, 2021 WL 1530940, at *10

6    (N.D. Cal. Apr. 19, 2021)).

### ii.    Hours Billed

         The Court finds the collective 8.9 hours billed by the attorneys and paralegals in this

matter to be reasonable.  In sum, using the reasonable rates outlined above and the hours invoiced,

the Court awards attorneys' fees of $1,442.50 as detailed below.

| Attorney/Paralegal | Total Time | Hourly Rate | Amount |
|---|---|---|---|
| M. Potter | 0.5 | $475 | $237.50 |
| A. Seabock | 0.4 | $350 | $140 |
| Z. Best | 0.1 | $350 | $35 |
| T. Zaman | 1.6 | $250 | $400 |
| A. Sheaffer | 0.3 | $100 | $30 |
| S. Adan | 0.1 | $100 | $10 |
| V. Pereira | 0.1 | $100 | $10 |
| G. Manalo | 0.3 | $100 | $30 |
| P. Ravi | 0.3 | $100 | $30 |
| D. Eusebio | 0.3 | $100 | $30 |
| M. Handy | 1.6 | $100 | $160 |
| T. Pannu | 0.7 | $100 | $70 |
| S. Srivastava | 0.4 | $100 | $40 |

Case No.: 5:21-cv-04114-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT

United States District Court
Northern District of California

| S. Bukkan | 2.2 | $100 | $220 |
| **Total** | **8.9** | | **$1,442.50** |

### iii.    Costs

Section 505 of the ADA authorizes reasonable "litigation expenses and costs" in any action brought under the Act.  42 U.S.C. § 12205.  This includes all costs normally associated with litigation including investigative costs.  *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). Under Civil Local Rule 54-3, an award of costs may include the clerk's filing fee and fees for service of process "to the extent reasonably required and actually incurred."

Plaintiff seeks $1,087, consisting of $285 for service costs, $402 in filing fees, and $400 in investigation fees.  Plaintiff filed Proof of Service documents indicating that he paid a range of fees per Defendant from $35 to $100 to serve the five Defendants.  As Bertha Marina Fernandez and Ramiro Fernandez were not properly served, the service costs of $180 were not reasonably required.  Thus, Plaintiff cannot recover these costs.  Additionally, the invoice submitted by counsel includes a line item for "Investigator" at $400.  The Court finds that this documentation constitutes sufficient evidence in support of his request for costs with respect to most costs, excluding the service costs of $180 for the aforementioned dismissed Defendants.  The Court, therefore, awards $907 in costs.

### VI.    Conclusion and Judgment

For the reasons stated, Plaintiff's Motion for Default Judgment is **GRANTED** as to Defendants Jose Luis Fernandez, Van Shop, Inc, and Atlantic Janitorial SVC and Supply. Plaintiff is awarded $2,349.50 in attorneys' fees and costs and $4,000 for statutory damages for one visit, for a total judgment of $6,349.50.

Plaintiff's request for injunctive relief is **GRANTED**.  To the extent that Defendants Jose Luis Fernandez, Van Shop, Inc, and Atlantic Janitorial SVC and Supply have the legal right and ability to do so, Defendants are hereby ordered to provide wheelchair accessible parking space,

1  wheelchair accessible door hardware, and wheelchair accessible sales counter at Happy Vans and
2  Atlantic Janitorial Supply located at 148 Archer St., San Jose, California, in compliance with the
3  Americans with Disabilities Act Accessibility Guidelines no later than six months after service of
4  this injunction.

5      Plaintiff's Motion for Default Judgment is **DENIED** as to Defendants Ramiro Fernandez
6  and Bertha Marina.

7      **IT IS SO ORDERED.**

8  Dated: July 20, 2022

9
10
11  EDWARD J. DAVILA
    United States District Judge